**SIGNED.**

Dated: December 17, 2008

_____
**JAMES M. MARLAR**
**U.S. Bankruptcy Judge**
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| REBECCA LYNN ENGLE, | No. 4:08-bk-06355-JMM |
| Debtor. | Adversary No. 4:08-ap-00607-JMM |
| REBECCA PERRY IRA, et al., | **MEMORANDUM DECISION** |
| Plaintiff, | |
| vs. | |
| REBECCA LYNN ENGLE, | |
| Defendant. | |

Before the court are various motions, the most significant being the Defendant's motion to dismiss Plaintiffs' complaint (Dkt. #5). A hearing was held on December 15, 2008, at which time the court and counsel considered the procedural and substantive implications of the current pleadings. Thereafter, the court took the matter under advisement.

## BACKGROUND

The Defendant was formerly a broker-dealer in Nebraska, engaged in the sale of securities to third parties. Eventually, she lost her license. Subsequently, she moved to Arizona and filed this chapter 11 proceeding on May 30, 2008.

1  The Plaintiffs, consisting of approximately 200 individuals (acting either on their own behalf or as representative agents) or entities, filed a single complaint against the Defendant. The complaint included counts for non-dischargeability of particular debts (11 U.S.C. § 523), and for denial of discharge (§ 727).

On October 13, 2008, the Defendant filed a motion to dismiss the complaint on the grounds that, as to the § 523 allegations, it was impossible to answer it generally, because each of the 200 Plaintiffs would hold individual causes of action, specific to each as to time, place, representations, events, conduct and damages. In other words, the Defendant's "bad acts" were not alleged to have occurred at a single time, nor to all of the Plaintiffs, in such a manner as to create a joint and several damage claim applicable to all.

The Plaintiffs responded by attaching copies of pleadings from other cases, and urging the court to take "judicial notice" of them, and, presumably, tack them on to Plaintiffs' complaint and then pick and choose as to which Plaintiffs they apply.

As to the claims that the Defendant's discharge should be denied, the Defendant contends that the complaint does not allege specific misdeeds, but simply states that "if" the Defendant did such things (quoting the statute), that her entire discharge should be denied. As to this request to dismiss, the Plaintiffs have failed to respond.

### DISCUSSION

**A.    11 U.S.C. § 523**

The complaint fails the test of the FEDERAL RULES OF CIVIL PROCEDURE, because each Plaintiff has a separate cause of action which cannot be grouped with other Plaintiffs, even if such other Plaintiffs have similar claims. Each Plaintiff was individually injured, and has no privity with any other Plaintiff. The times, places, conduct, events, persons involved and damages do not arise out of a single proceeding.

1 In short, it is impossible for the Defendant to answer, generally, the complaint, and
2 to have a fair and adequate opportunity to address each Plaintiff on the merits of his / her / its
3 specific claims against her.

4 Nor can the court take "judicial notice" of other actions, pending or concluded in other
5 jurisdictions. *See* FED. R. EVID. 201.

6 Procedurally, it is improper to join approximately 200 separate Plaintiffs into a single
7 action, when each Plaintiff's case stands or falls on its own singular merits or demerits. To require
8 the Defendant to answer such an imprecise complaint places the Defendant at an extreme
9 disadvantage, and strangles any procedural due process to which she is entitled. Consequently, in
10 order to accomplish justice, the Plaintiffs must file separate actions, and pay the court the $250
11 adversary filing fee for each case. If the court system is to complete 200 separate trials, the minimal
12 filing fee for each case must be paid to offset, at least in part, the judiciary's costs.

**B.    11 U.S.C. § 727**

16 The allegations made in the complaint here are weak at best, non-existent at worst.
17 The Plaintiffs have not set forth any facts to judge, even minimally, whether the Defendant should
18 be denied her entire discharge. The Plaintiffs' response focuses entirely upon § 523 arguments, and
19 does not address, even minimally, the Defendant's arguments that Plaintiffs' § 727 complaint should
20 be dismissed, or that the complaint fails to state an actual claim of wrongdoing. FED. R. CIV. P.
21 12(b)(6). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed. 2d 929,
22 (2007) (requiring a complaint to allege "enough facts to state a claim to relief that is plausible on
23 its face"); *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696 (9th Cir. 1990) (as amended) (dismissal
24 is proper in the absence of sufficient facts alleged under a cognizable legal theory). Therefore, in
25 view of the infirmities of the complaint and the merits of the motion to dismiss, Plaintiffs' failure
26 to respond to an issue is an acknowledgment that the motion is well-pleaded. *See, e.g.*, BANKR. D.
27 ARIZ. LR 9013-1(d) (unopposed motion may be granted upon submission of order); D. ARIZ. LR CIV
28 7.2(i) (failure to answer/respond may be deemed consent to granting of the motion); *see also Lund v.*

*Brenner*, 163 F.3d 606 (9th Cir. 1998) (table) (failure to oppose is deemed consent to motion to dismiss); *see generally, Ghazali v. Moran*, 46 F.3d 52 (9th Cir. 1995) (court properly grants a motion to dismiss as unopposed pursuant to local rule).

As to Plaintiffs' § 727 counts, those matters will be DISMISSED WITH PREJUDICE, and the Defendant's motion will be GRANTED as to the § 727 counts.

## **OTHER MOTIONS**

**A.  Motion to Strike Exhibits**

As the Plaintiffs' exhibits are not, at this stage of the case(s), helpful, Defendant's motion to strike will be GRANTED. Defendant's counsel shall prepare an appropriate form of order specifying which documents are to be stricken. Later, in individual cases, if these documents are relevant, they may resurface in another context.

**B.  Motion to Amend**

The Plaintiffs request leave to amend their complaint. The motion will be GRANTED in part and DENIED in part.

The motion to amend will be denied as to the § 727 claims, as those are to be dismissed with prejudice.

As for the § 523 claims, the Plaintiffs' motion will be granted, upon the following conditions:

    1.    Within 30 days, there shall be filed <u>separate</u> complaints as to each Plaintiff, with details as to the specific facts leading to the claim or claims that the Defendant's misconduct created a non-dischargeable event, and stating a specific monetary injury.

4

2. For each complaint, the Plaintiff or Plaintiffs shall be required to pay the $250 filing fee.
3. This <u>instant</u> cause of action shall be styled:

>Rebecca K. Perry IRA, Plaintiff,
>
>vs.
>
>Rebecca Lynn Engle, Defendant.

and it shall be the only cause of action in Adversary No. 4:08-ap-00607-JMM (unless its joinder with the Benjamin E. Perry Roth IRA Plaintiff is a logical extension). No new filing fee need be paid in Adversary No. 4:08-ap-00607-JMM, as it has been paid.
4. To the extent that certain of the Plaintiffs may be related or connected in some <u>logical</u> way (family members, family trusts, etc.), those parties may be gathered together under a single-captioned case, with their individual claims and damages separated into separate counts.
5. As to any Plaintiffs electing not to file such individualized, new complaints, the Defendant's motion to dismiss them from this case will be GRANTED WITH PREJUDICE.

Each complaint must confirm to FED. R. CIV. P. 8. Rule 8 requires that a complaint set forth all claims in short and plain terms, and in a manner that is simple, concise and direct. FED. R. BANKR. P. 7008 incorporates the federal rule. The complaint need not, however, allege every fact constituting the claim for relief or detailed evidentiary facts--it need only give fair notice and sufficient detail, of the plaintiff's claim so that the opposing party can respond, undertake discovery and prepare for trial. *See, e.g., Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Bautista v. Los Angeles County*, 216 F.3d 837, 843 (9th Cir. 2000).

The Plaintiffs' complaint here, as to the § 523 actions, does not comply with Rule 8 because it gives <u>too little</u> information as to <u>each</u> Plaintiff's claims, as opposed to the more usual situation, that of an overly long and detailed complaint.

**C.    Motion for Rule 11 Sanctions**

The Defendant's motion for Rule 11 sanctions will be DENIED.

**CONCLUSION**

Separate orders will be entered which:

1. DISMISSES WITH PREJUDICE Plaintiffs' § 727 claims against the Defendant;
2. GRANTS Defendant's motion to strike exhibits.  (Defendant's counsel to submit an order within 15 days);
3. GRANTS Plaintiffs' motion to amend, on the § 523 counts, pursuant to the conditions outlined in the above Memorandum Decision; and
4. DENIES Defendant's motion for sanctions.

DATED AND SIGNED ABOVE.

COPIES served as indicated below on the date signed above:

| | |
|---|---|
| Albert H Hartwell, Jr<br>Attorney for Debtor | Email: hartwell@proroom.net |
| Scott H. Gan<br>Mesch Clark & Rothschild, P.C.<br>Attorneys for Rebecca K. Perry, IRA, et al. | Email: ecfbk@mcrazlaw.com |
| James B. Cavanagh<br>Lieben, Whitted, Houghton,<br>Slowiaczek & Cavanagh, P.C., L.L.O. | Email: cavanagh@liebenlaw.com |
| Larry Lee Watson<br>Office of the U.S. Trustee | Email: larry.watson@usdoj.gov |

By    /s/ M.B. Thompson
       Judicial Assistant